IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| Amin Allawi Ali, *et al*. ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | Civil Action 1:23-cv-00576-RDM |
| ) | |
| Mohamed Ben Zayed Al-Nahyan, *et al*. ) | |
| ) | |
| ) | |
| ) | |
| Defendants. ) | |

**DEFENDANT PHEBE NOVAKOVIC'S**
**RULE 4(M) MOTION TO DISMISS**

Pursuant to Federal Rule of Civil Procedure 4(m), Defendant Phebe Novakovic hereby moves this Court to dismiss Plaintiffs' claims against her and states as follows:

1. Plaintiffs have failed to timely serve and file proof of service on Ms. Novakovic, as set out herein.

2. On March 2, 2023, Plaintiffs filed their complaint in this matter. Dkt. 1. The complaint names, among other Defendants, several defense contractors and their chief executive officers, including General Dynamics Corporation and its Chairman and Chief Executive Officer, Ms. Novakovic. *Id.* at 19 (Compl. ¶ 44).

3. Pursuant to Federal Rule of Civil Procedure 4(m), Plaintiffs were required to file proof of service or timely file for an extension to serve Ms. Novakovic no more than 90 days after filing their complaint. *See* Fed. R. Civ. P. 4(m). That 90-day period expired May 31, 2023.

4. Although Plaintiffs' counsel timely served General Dynamics Corporation through its corporate agent on May 11, 2023, to the best of Ms. Novakovic's knowledge, Plaintiffs have

1

made no effort to serve her within the 90-day period, or thereafter. Nor has Plaintiffs' counsel raised the issue of service or provided any explanation for Plaintiffs' failure to serve Ms. Novakovic in the course of his communications with the undersigned counsel, who also represent General Dynamics Corporation.

5. To this day, Plaintiffs have not filed any proof of service for Ms. Novakovic. Plaintiffs also have not filed any motion for an extension of time to serve Ms. Novakovic.

6. Rule 4(m) provides that if a defendant is not served within 90 days after a complaint is filed, the court "must dismiss the action without prejudice against that defendant or order that service be made within a specified time." Fed. R. Civ. P. 4(m). The court has discretion to choose between these remedies, although an extension of time is required where plaintiffs articulate "good cause" for their failure to timely serve the complaint. *Id.*

7. "A plaintiff bears a heavy burden when attempting to establish 'good cause.'" *Penn v. D.C.*, No. 22-0745 (CKK), 2023 WL 143338, at *5 (D.D.C. Jan. 10, 2023) (quoting *Battle v. D.C.*, 21 F. Supp. 3d 42, 45 (D.D.C. 2014)). Mere mistake by counsel is insufficient; rather, plaintiffs must point to some factor outside their control to establish good cause. *Mann v. Castiel*, 681 F.3d 368, 374 (D.C. Cir. 2012) ("Good cause exists when some outside factor . . . rather than inadvertence or negligence, prevented service, for example, a defendant's intentional evasion of service, or the plaintiff proceeds in forma pauperis and was entitled to rely on the United States marshal (or deputy marshal) to effect service." (internal quotation marks and citations omitted)).

8. Ms. Novakovic respectfully asks that the Court exercise its discretion to dismiss the claims against her without prejudice rather than provide Plaintiffs with additional time to effectuate service. It has now been 180 days since Plaintiffs filed their complaint and Plaintiffs

have made no effort to serve Ms. Novakovic.  Nor have Plaintiffs, who are represented by counsel, articulated *any* cause, let alone good cause, for their failure to accomplish service.

9. In such circumstances, dismissal without prejudice is warranted.  *See, e.g.*, *Penn*, 2023 WL 143338, at *4–5 (declining to provide extra time for service and dismissing claims where plaintiff failed to timely serve but contended that defendant had constructive knowledge of the claims); *Colston v. First Guarantee Com. Mortg. Corp.*, 665 F. Supp. 2d 5, 9–10 (D.D.C. 2009) (declining to provide extra time for service and dismissing claims where, among other things, plaintiff was represented by counsel, counsel was aware of obligation to serve, and defendant took no action to impede service).

10. In the alternative, Ms. Novakovic respectfully requests that the Court extend the time for service to a date no later than September 19, 2023, so that she can participate fully in the motion to dismiss briefing, which is scheduled to commence September 28, 2023 for Defendants other than the U.S. Government Defendants.  *See* Min. Order, July 3, 2023.

WHEREFORE, Ms. Novakovic requests that the Court dismiss Plaintiffs' claims against her without prejudice.  A Proposed Order accompanies this motion.

Dated: August 29, 2023						Respectfully submitted,

							*/s/ Matthew S. Hellman*

							Matthew S. Hellman (#484132)
							JENNER & BLOCK LLP
							1099 New York Avenue, NW
							Washington, DC 20001-4412
							(202) 639-6861
							mhellman@jenner.com

							Michael A. Doornweerd (#6236979) (*pro hac vice*)
							Andrew F. Merrick (#6290213) (*pro hac vice*)
							JENNER & BLOCK LLP
							353 N. Clark Street
							Chicago, IL 60654-3456
							(312) 923-2631
							(312) 840-7695
							mdoornweerd@jenner.com
							amerrick@jenner.com

## CERTIFICATE OF SERVICE

I hereby certify that on August 29, 2023, the foregoing Rule 4(m) Motion to Dismiss will be filed with the Court and submitted to all counsel of record by operation of the Court's electronic filing system.

Dated: August 29, 2023

Respectfully submitted,

*/s/ Matthew S. Hellman*

Matthew S. Hellman (#484132)
JENNER & BLOCK LLP
1099 New York Avenue, NW
Washington, DC 20001-4412
(202) 639-6861
mhellman@jenner.com

Michael A. Doornweerd (#6236979) (*pro hac vice*)
Andrew F. Merrick (#6290213) (*pro hac vice*)
JENNER & BLOCK LLP
353 N. Clark Street
Chicago, IL 60654-3456
(312) 923-2631
(312) 840-7695
mdoornweerd@jenner.com
amerrick@jenner.com