IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| Amin Allawi Ali, *et al.* ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | Civil Action 1:23-cv-00576-RDM |
| ) | |
| Mohamed Ben Zayed Al-Nahyan, *et al.* ) | |
| ) | |
| ) | |
| ) | |
| Defendants. ) | |

**DEFENDANT PHEBE NOVAKOVIC'S**
**REPLY IN SUPPORT OF HER RULE 4(M) MOTION TO DISMISS**

Defendant Phebe Novakovic hereby submits this Reply in support of her Motion to Dismiss:

1. Plaintiffs' response misstates the record and further confirms that Plaintiffs have not shown good cause warranting an extension of the time to serve.

2. Plaintiffs' contention that Ms. Novakovic "declined to waive service," Dkt. 24, Resp. Br. at ¶ 2, is false. Plaintiffs never requested that Ms. Novakovic waive service, and it is telling that they do not attach the documentation of their supposed request. *See* Fed. R. Civ. P. 4(d)(1)(A)(i) (requests for waiver must "be in writing"). *Had* Plaintiffs' counsel requested a waiver—formally or informally—Ms. Novakovic would have agreed to waive service.

3. Instead, as Plaintiffs' response acknowledges, Plaintiffs made only one attempt at service prior to the service deadline, which failed because Plaintiffs' process server went to the

1

wrong address.[1]  Dkt. 24-1.  The "Due Diligence Affidavit" that Plaintiffs attach to their response recites that their process server informed Plaintiffs' counsel a few hours later that same day, May 9, 2023, that the complaint was "NON-SERVED" due to an inaccurate address.  *Id*.

4. Plaintiffs' counsel nonetheless asserts without explanation that he "assumed that there had been a routine service of Defendant Novakovic at her place of business."  Dkt. 24, Resp. Br. at ¶ 4.  Counsel's "assum[ption]" is baseless given that he acknowledges that he was told precisely the opposite by his process server.  Plaintiffs made no further attempt to serve Ms. Novakovic until after she filed the instant Rule 4(m) Motion to Dismiss.[2]

5. Plaintiffs' response thus continues to articulate no cause—let alone good cause—for their failure to timely serve Ms. Novakovic.  Plaintiffs' counsel suggests that Ms. Novakovic should have raised the issue of his failure to serve with him rather than moving to dismiss.  But the burden of service is on the plaintiff, and Ms. Novakovic as a defendant has no obligation to affirmatively seek service.  Ms. Novakovic was willing, and remains willing, to accept or waive service under proper procedures, but she is not required to induce Plaintiffs to pursue their claims.  That is particularly so given that Plaintiffs' counsel has abandoned similar claims against defendants in the past.  *See Roe v. Bridgestone Corp.*, Case No. 1:06-cv-00627-DFH-JMS, Dkt. 59, 60 (S.D. Ind. Dec. 3, 2007) (Plaintiffs' counsel agreed to dismissal of multiple defendants without prejudice after having failed to timely effect service).

---

[1] Plaintiffs assert without citation that this address was General Dynamics Corporation's "publicly listed address at the time they filed their complaint" in March 2023.  Dkt. 24, Resp. Br. at ¶ 3.  General Dynamics Corporation has been at its current address since 2019.  *See* 2019 Form 10-Q of General Dynamics Corporation, (Oct. 23, 2019), https://tinyurl.com/201910Q (listing "11011 Sunset Hills Road, Reston, Virginia" as "[a]ddress of principal executive offices").

[2] Plaintiffs recount one untimely attempt to serve Ms. Novakovic.  Dkt. 24, Resp. Br. at ¶ 4.  Plaintiffs made at least one other untimely attempt in September.  None of these attempts were legitimate under Rule 4, which requires any service to have been completed "within 90 days after the complaint is filed," Fed. R. Civ. P. 4(m), which was May 31, 2023.

6.      Accordingly, dismissal without prejudice is warranted here.  But to the extent that the Court believes that an extension of time to serve is warranted, Ms. Novakovic will consent to a waiver of service of the complaint, Dkt.1, in the interests of expediency.  Ms. Novakovic requests that the Court extend the time for service to no later than October 5, 2023, such that Ms. Novakovic can provide the waiver and participate fully in the Rule 12 motion to dismiss briefing, which is now scheduled to commence on October 19, 2023 for Defendants other than the U.S. Government Defendants.  Dkt. 19.

WHEREFORE, Ms. Novakovic respectfully requests that her Rule 4(m) Motion to Dismiss be granted such that Plaintiffs' complaint against her is dismissed without prejudice, or, in the alternative, Plaintiff is granted an extension of time to no later than October 5, 2023, to effect service of the complaint.

Dated: September 14, 2023

Respectfully submitted,

*/s/ Matthew S. Hellman*

Matthew S. Hellman (#484132)
JENNER & BLOCK LLP
1099 New York Avenue, NW
Washington, DC 20001-4412
(202) 639-6861
mhellman@jenner.com

Michael A. Doornweerd (#6236979) (*pro hac vice*)
Andrew F. Merrick (#6290213) (*pro hac vice*)
JENNER & BLOCK LLP
353 N. Clark Street
Chicago, IL 60654-3456
(312) 923-2631
(312) 840-7695
mdoornweerd@jenner.com
amerrick@jenner.com

## CERTIFICATE OF SERVICE

I hereby certify that on September 14, 2023, the foregoing Reply in Support of Ms. Novakovic's Rule 4(m) Motion to Dismiss will be filed with the Court and submitted to all counsel of record by operation of the Court's electronic filing system.

Dated: September 14, 2023                Respectfully submitted,

/s/ Matthew S. Hellman

Matthew S. Hellman (#484132)
JENNER & BLOCK LLP
1099 New York Avenue, NW
Washington, DC 20001-4412
(202) 639-6861
mhellman@jenner.com

Michael A. Doornweerd (#6236979) (*pro hac vice*)
Andrew F. Merrick (#6290213) (*pro hac vice*)
JENNER & BLOCK LLP
353 N. Clark Street
Chicago, IL 60654-3456
(312) 923-2631
(312) 840-7695
mdoornweerd@jenner.com
amerrick@jenner.com